AVERY W. BRYANT JONES, )
)
    Plaintiff, )
)
v. ) 3:07-cv-142
) *Jordan*
)
CPL. DARELL WATSON )
and C.O. JOHN HAMBY, )
)
    Defendants. )

## **MEMORANDUM**

    This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. The matter is before the court on the defendants' motion for summary judgment, plaintiff's motions for appointment of counsel, plaintiff's motion to amend the complaint, and various other motions filed by the parties. For the following reasons, plaintiff's motions for appointment of counsel will be **DENIED**, plaintiff's motion to amend the complaint will be **GRANTED IN PART** and **DENIED IN PART**, defendants' motion for summary judgment will be **GRANTED**, and all other pending motions will be **DENIED** as **MOOT**. This action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

I.  Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). *See also Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

> Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. The dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the non-moving party. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.

*60 Ivy Street Corp. v. Alexander*, 822 F.2d at 1435-36 (citations omitted).

Once the moving party presents evidence sufficient to support a motion for summary judgment, the non-moving party is not entitled to a trial merely on the basis of allegations.

The non-moving party must present some significant probative evidence to support its position. *White v. Turfway Park Racing Association, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990); *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). Mere allegations of a cause of action will no longer suffice to get a plaintiff's case to the jury. *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

II.  Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction. His action concerns an alleged incident that occurred during plaintiff's confinement in the Morgan County Correctional Complex (MCCX); he has since been transferred to the Northeastern Correctional Complex. The defendants are Darell Watson and John Hamby, correctional officers at MCCX. In his original complaint [Court File No. 1], plaintiff alleged that on February 21, 2007, the defendants struck him in the face while he was handcuffed behind his back. Plaintiff also stated that he filed a grievance, which was dismissed as non-grievable.

The defendants filed a motion for summary judgment [Court File No. 21], on the grounds that plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act and has failed to designate the capacity in which the defendants are being sued. In support of the motion for summary judgment, the defendants filed the affidavit of Richard Spurling, who testifies that he is the Grievance Chairperson at MCCX and that plaintiff did not file a grievance regarding the events alleged in his complaint. [Court File No. 24, Affidavit of Richard Spurling].

Plaintiff then filed a motion to amend his complaint [Court File No. 27], with a proposed Amended Complaint attached [*id*., Exhibit 2]. In the proposed Amended Complaint, plaintiff states that the incident occurred on March 5, 2007[1], that he filed a grievance which was thrown away by defendant Hamby, and that the defendants are being sued in their individual and official capacities. He also seeks to add as a defendant Sgt. S. Heidle of Internal Affairs, based upon his failure to properly investigate the matter and for conspiring with the defendants to cover up the assault. In addition, plaintiff attached numerous grievances to his motion to amend his complaint. [*Id*., Exhibit 1].

In their response to the motion to amend, the defendants contend that none of the grievances provided by plaintiff are related to the alleged assault on March 5, 2007. The defendants reiterate their claim that plaintiff has failed to exhaust his administrative remedies.

---

[1]The court notes that in his Pretrial Narrative Statement [Court File No. 35], plaintiff states that the incident occurred on March 5, 2007.

4
Case 3:07-cv-00142 Document 37 Filed 09/29/08 Page 4 of 7 PageID #: 87

Plaintiff then filed a copy of a grievance concerning the alleged assault on March 5, 2007, along with the response of the prison officials. [Court File No. 29, Notice of Filing]. The grievance was dated December 26, 2007, some ten days after the defendants' motion for summary judgment was filed. The grievance was rejected as untimely because it was not submitted within seven days of the alleged incident.

III. Discussion

Plaintiff has filed two motions for appointment of counsel. The appointment of counsel in a civil case is a matter within the discretion of the court. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). After careful consideration of plaintiff's motion, including the type and nature of the case, its complexity, and the plaintiff's ability to prosecute his claim, this court is of the opinion that counsel is not necessary to insure that plaintiff's claims are fairly heard. *See Knop v. Johnson*, 977 F.2d 996 (6th Cir. 1992); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Plaintiff's motions for appointment of counsel [Court File Nos. 18 & 25] will be **DENIED**.

Plaintiff's motion to amend the complaint [Court File No. 27] will be **GRANTED IN PART** and **DENIED IN PART**. The Clerk will be **DIRECTED** to file the Amended Complaint. The motion will be **GRANTED** to the following extent: the court will consider the alleged assault to have occurred on March 5, 2007; the court will consider that the defendants have been sued in both their individual and official capacities; and the court will

5
Case 3:07-cv-00142   Document 37   Filed 09/29/08   Page 5 of 7   PageID #: 88

consider the grievances filed by plaintiff as part of the record. The motion will be **DENIED** to the extent plaintiff seeks to add Sgt. Heidle as a defendant.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must exhaust all available administrative remedies. 42 U.S.C. § 1997e. "There is no question that exhaustion is mandatory under the [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court." *Bock v. Jones*, 127 S. Ct. 910, 918-19 (2007) (abrogating the Sixth Circuit's rule that plaintiffs must plead administrative exhaustion and holding that failure to exhaust administrative remedies is an affirmative defense to be established by defendants).

As noted, plaintiff first claimed that his grievance was dismissed and then, in his amended complaint, that it was thrown away. None of the grievances attached to the motion to amend the complaint relate to the alleged assault on March 5, 2007. Plaintiff has provided the court with a grievance concerning the March 5 assault; that grievance, however, was submitted to prison officials on December 26, 2007. After having filed suit and subsequently been faced with a motion to dismiss for failure to exhaust administrative remedies, plaintiff cannot then file an out-of-time grievance to avoid dismissal.

Under the circumstances, the court finds the testimony of Grievance Chairperson Richard Spurling to be the more credible, to-wit, that plaintiff did not file a grievance concerning the alleged assault upon him by the defendants on March 5, 2007. Accordingly, the defendants' motion for summary judgment will be **GRANTED**, based upon plaintiff's failure to exhaust administrative remedies.

6
Case 3:07-cv-00142  Document 37  Filed 09/29/08  Page 6 of 7  PageID #: 89

IV. Conclusion

The plaintiff's motions for appointment of counsel will be **DENIED** and his motion to amend the complaint will be **GRANTED IN PART** and **DENIED IN PART**. The Clerk will be **DIRECTED** to file the Amended Complaint. The defendant's motion for summary judgment will be **GRANTED** and this action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. All other pending motions will be **DENIED** as **MOOT**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                          s/ Leon Jordan
                                    United States District Judge